IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ELISEO LOPEZ,**

      **Plaintiff,**

      vs.                                                       Civ. No. 14-735  KK

**CAROLYN W. COLVIN, Acting
Commissioner of Social Security,**

        **Defendant.**

### ORDER OVERRULING DEFENDANT'S OBJECTIONS AND GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT[1]

**THIS MATTER** is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support ("Motion"), filed February 23, 2016.  (Doc. 29.)  Defendant filed Objections ("Objections") to the Plaintiff's Motion on March 10, 2016.  (Doc. 30.)  Plaintiff filed a Reply on March 24, 2016.  (Doc. 31.)  The Court, having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, FINDS that Defendant's Objections are not well taken and will overrule them, and that Plaintiff's Motion is well taken and is **GRANTED**.

The Equal Access to Justice Act ("EAJA") provides that a fee award is required if: (1) plaintiff is a "prevailing party"; (2) the position of the United States was not "substantially justified"; and (3) there are no special circumstances that make an award of fees unjust.  *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)).  Here the dispute is whether the Commissioner's position was substantially justified. "Position" refers to both the Commissioner's position in the federal civil case and the agency's actions at the

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to Magistrate Judge Kirtan Khalsa to conduct any or all proceedings, and to enter an order of judgment, in this case.  (Doc. 6, 10.)

administrative level.  28 U.S.C. § 2412(d)(2)(D); *see also Hackett*, 475 F.3d at 1170 (finding that government must justify both its position in any underlying administrative proceedings and in any subsequent court litigation).

The Commissioner bears the burden of proving that its position was substantially justified.  *Kemp v. Bowen*, 822 F.3d 966, 967 (10th Cir. 1987).  The test for substantial justification is one of reasonableness in law and fact.  *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).  The government's position must be "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 US. 552, 565, 108 S. Ct. 2541, 101 L.Ed.2d 490 (1988).  The government's "position can be justified even though it is not correct."  *Hackett*, 475 F.3d at 1172 (quoting *Pierce*, 487 U.S. at 565.)  The Court is required to view the case as a whole.  *See Hackett*, 475 F.3d at 1173, n. 1 (concluding that the Commissioner's position in the case was not "substantially justified" and that an EAJA fee was appropriate even though the Commissioner prevailed on five of six issues presented in district court, but where plaintiff obtained remand based on a single discrete issue that resulted in the unreasonable denial of benefits and the other issues did not provide a basis to affirm the ALJ's decision).

Plaintiff Eliseo Lopez ("Mr. Lopez") raised three arguments for judicial review of the Commissioner's final decision denying his disability applications.[2]  Following a meticulous review of the entire record, the Court remanded Mr. Lopez's action to the Social Security Administration finding the ALJ failed to provide an adequate narrative discussion at step four

---

[2] (1) The ALJ's RFC assessment is flawed because it fails to consider the limitations that result from Mr. Lopez's rheumatoid arthritis, osteoarthritis, and depression; (2) the ALJ erred at step four by failing to inquire as to the physical and mental demands of Mr. Lopez's past relevant work; and, (3) the ALJ abrogated his duty to develop the record despite clear evidence demonstrating that Mr. Lopez suffers from and has been diagnosed with depression. (Doc. 18 at 1-2.)

addressing Mr. Lopez's depression and appeared to have relied on his step two findings that claimant's mental impairment was not severe as a substitute for an adequate residual functional capacity ("RFC") analysis.[3] (Doc. 27 at 9-10.) Because the ALJ failed to apply the correct legal standard in evaluating Mr. Lopez's mental impairment at step four, the Court found the ALJ's mental RFC assessment was not supported by substantial evidence. (*Id.* at 10.) The Court further found that given the record evidence demonstrating the presence of a number of psychological abnormalities associated with Mr. Lopez's depression, and the absence of a mental functional assessment, the ALJ had a duty to develop the record to determine Mr. Lopez's ability to do work-related mental activities. (*Id.* at 11-12.)

In her Objections, the Commissioner concedes she essentially repeats the same arguments she made in her Response Brief ("Response") to assert that her position was substantially justified. (Doc. 30 at 6.) The Commissioner asserts that the evidence supporting Mr. Lopez's mental impairment was minimal, that the ALJ did not abuse his discretion by not ordering a consultative exam, that the ALJ appropriately relied on Mr. Lopez's own statements to find him not mentally disabled, and that the ALJ properly accounted for Mr. Lopez's mental impairment by limiting him to unskilled work. (Doc. 30 at 4-6.) For these reasons, the Commissioner asserts that the government's position in the underlying proceedings and in the federal civil case was substantially justified. The Court does not agree.

First, the Commissioner has failed to demonstrate that the ALJ was substantially justified in failing to apply the correct legal standard to assess Mr. Lopez's mental RFC because there was only a minimal amount of evidence. Social Security regulations and Tenth Circuit case law clearly articulate the standards to be applied when an individual with a mental impairment

---

[3] The ALJ's RFC limited Mr. Lopez to "work which requires only simple tasks, with simple instructions," and found that "he can maintain adequate concentration and attention for up to two hours at a time[.]" (Tr. 15.)

requires an assessment of their ability and capacity to engage in basic work-related activities. *See* 20 C.F.R. §§ 404.1545(c) and 416.945(c) (assessing mental abilities and residual functional capacity); SSR 95-16, 1985 WL 56855 (policy regarding residual functional capacity for mental impairments); SSR 96-8, 1996 WL 374184, at *4 (describing work-related mental activities generally required by competitive, remunerative work); *see also Wells v. Colvin*, 727 F.3d 1061, 1069 (10th Cir. 2013) ("[t]he mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment[.]"). Having determined at step two that Mr. Lopez's depression was severe, the ALJ was *required* at step four to provide a more detailed assessment of Mr. Lopez's "ability to understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in the a routine work setting." *Wells*, 727 F.3d at 1069 (quoting SSR 96-8, 1996 WL 374184, at *4.) The ALJ failed to do so. The ALJ's reliance on a minimal amount of evidence does not substantially justify his failure to apply the correct legal standard. For these reasons, the Commissioner has failed to proffer any reasonable basis for the ALJ's error, or the Commissioner's litigation position in arguing there was no error. As such, the Commissioner has not carried its burden of proving that its position was substantially justified and the Commissioner's Objections as to this issue are overruled.

Second, the Commissioner has failed to demonstrate that the ALJ was substantially justified in failing to develop the record because ordering a consultative exam was discretionary. Although there is broad latitude in ordering consultative examinations, it is clear that where a claimant has satisfied his burden of presenting evidence sufficient to raise the issue sought to be developed, and the medical evidence in the record is inconclusive, it becomes the responsibility of the ALJ to fully and fairly develop the record as to that material issue. *Hawkins v. Chater*,

113 F.3d 1162, 1166-68 (10th Cir. 1997). "This duty to develop the record pertains even if the claimant is represented by counsel." *Thompson v. Sullivan*, 987 F.2d 1482, 1492 (10th Cir. 1993). Here, the record evidence revealed the presence of a number of specific psychological abnormalities associated with Mr. Lopez's depression.[4] Mr. Lopez therefore satisfied his burden of presenting evidence sufficient to raise the issue sought to be developed. *Hawkins*, 113 F.3d at 1167. Further, the record was inconclusive because it did not contain any mental functional assessment findings. Thus, the discretionary nature of ordering a consultative exam does not substantially justify the ALJ's failure to fully and fairly develop the record as to material issues. For these reasons, the Commissioner has failed to proffer any reasonable basis for the ALJ's error, or the Commissioner's litigation position in arguing there was no error. As such, the Commissioner has not carried its burden of proving that its position was substantially justified and the Commissioner's Objections as to this issue are overruled.

Third, the Commissioner has failed to demonstrate that the Commissioner was substantially justified in making post-hoc rationalizations for the ALJ's lack of credibility findings. The Tenth Circuit has affirmatively held that this court may not create or adopt post-hoc rationalizations to support an ALJ's decision that are not apparent from the ALJ's decision itself. *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007); *see also Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) (reviewing court may not create post-hoc rationalizations explaining treatment of evidence which is not apparent from decision); *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (ALJ's decision should be evaluated solely on

---

[4] Dr. Kenneth Bull noted on July 23, 2012, that Mr. Lopez presented with symptoms of constant worry, fearful feelings, worthless feelings, hopelessness, negative thinking, trouble concentrating, memory problems, irritability, sleep change, increased/decreased appetite, eating disorder, depression, frequent crying, decreased sex drive, weakness, excessive guilt, fear of losing control, fear of going crazy, and mood swings. (Tr. 415.) Dr. Bull diagnosed Mr. Lopez with major depressive disorder, obsessive-compulsive disorder, and attention deficit disorder. (*Id*.)

reasons stated); *Knipe v. Heckler*, 755 F.3d 141, 149, n. 16 (10th Cir. 1985) (decision cannot be affirmed based on appellate counsel's post-hoc rationalizations).  The Commissioner argued in her Response that Mr. Lopez's reliance on his own subjective symptoms to support that the ALJ erred in assessing his mental residual functional capacity at step four begged the question of credibility.  (Doc. 22 at 12-14.)  The Commissioner then attempted to clarify the ALJ's credibility findings by noting claimant's own statements.[5]  (*Id.*)  The Court held, however, that it was "unable to glean a credibility finding that addressed Mr. Lopez's statements concerning the intensity, persistence, and limiting effect of his symptoms related to depression," and would not adopt the Commissioner's post-hoc rationalization for the ALJ's lack of findings.  (Doc. 27 at 11.)  Here, the Commissioner attempts to assert *for the second time* that the ALJ "expressly and reasonably relied on Plaintiff's own statements in finding him not mentally disabled," and attempts *again* to clarify the ALJ's credibility finding by listing some of Mr. Lopez's self-reported abilities.  (Doc. 30 at 5.)  However, in his determination the ALJ pointed only to Mr. Lopez's testimony regarding his ability to drive a vehicle to address Mr. Lopez's mental limitations.  The ALJ stated that Mr. Lopez's ability to drive a car demonstrates "that he has the mental capacity to understand and comply with the applicable traffic laws and regulations.  In addition, it indicates that the claimant is able to remember the directions to and from any desired destination."  (Tr. 18.)  The ALJ made no other credibility findings that specifically address Mr. Lopez's statements concerning the intensity, persistence, and limiting effect of his symptoms related to his depression.  *See* SSR 96-7p, 1996 WL 374186, at *2 (instructing that a credibility

---

[5] The Court did not review the ALJ's credibility findings to determine if the ALJ properly characterized Mr. Lopez's activities.  "[A]n ALJ cannot use mischaracterizations of a claimant's activities to discredit his claims of disabling limitations."  *Sitsler v. Astrue*, 410 F. App'x 112, 117-18 (10th Cir. 2001) (citing *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F.3d 739, 742-43 (10th Cir. 1993) (ALJ took claimant's testimony out of context, selectively acknowledged only parts of statements, and presented his findings as accurate reflections of statements)).

6

assessment must contain specific reasons and be supported by the evidence in the case record). Thus, the Commissioner's insistence that the ALJ made credibility findings to support his determination that Mr. Lopez was not mentally disabled remains post-hoc rationalization. The Commissioner has failed to proffer any reasonable basis that the Commissioner's post-hoc rationalization was substantially justified. As such, the Commissioner has not carried its burden of proving that its position was substantially justified and the Commissioner's Objections as to this issue are overruled.

Fourth, the Commissioner has failed to demonstrate that the ALJ was substantially justified in failing to properly assess Mr. Lopez's mental RFC because he limited Mr. Lopez to simple and unskilled work. A limitation to "simple work" or "unskilled work" is generally insufficient to address a claimant's mental impairments. *Chapo v. Astrue*, 682 F.3d 1285, 1290, n. 3 (10th Cir. 2012). The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment of a claimant's "ability to understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting." *Wells*, 727 F.3d at 1069 (quoting SSR 96-8p, 1996 WL 374184, at *4). Limiting Mr. Lopez to simple and unskilled work does not substantially justify the ALJ's failure to discuss how Mr. Lopez's depression impacts his ability to do work-related mental activities, as he was required to do. The Commissioner has failed to proffer any reasonable basis for the ALJ's error, or the Commissioner's litigation position in arguing there was no error. As such, the Commissioner has not carried its burden of proving that its position was substantially justified and the Commissioner's Objections as to this issue are overruled.

For the foregoing reasons, the Court finds the Commissioner's position as a whole was not substantially justified.

**IT IS THEREFORE ORDERED** that the Commissioner's Objections to Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion is **GRANTED** and Mr. Lopez is awarded $5,785.00 in attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). *See Astrue v. Ratliff*, 560 U.S. 586, 591-93, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010) (EAJA fees are paid to the prevailing party, not the attorney).

**IT IS FURTHER ORDERED** that if Mr. Lopez's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Mr. Lopez's counsel shall refund the smaller award to Mr. Lopez pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED.**

_____
**KIRTAN KHALSA**
**United States Magistrate Judge**
**Presiding by Consent**